CLARENCE T. JEFFRIES, RELATOR, v. THE MAYOR AND THE BOARD OF COMMISSIONERS OF ATLANTIC CITY, NEW JERSEY, ET AL., DEFENDANTS.

Argued February 15, 1939—Decided May 2, 1939.

Before Justices CASE, DONGES and PORTER.

For the relator, *John Rauffenbart* (*Martin Bloom*, of counsel).

For the defendants, *Samuel Backer*.

PER CURIAM.

The rule to show cause before us is why a writ of *mandamus* should not issue directing the Mayor and Board of Commissioners of Atlantic City to include in the budget for Atlantic

City for the year 1939 a sum sufficient to meet the requirements for that year of the pension fund of the police and fire departments.

It appears that the fund for several years has been insufficient to pay accrued pensions when due, notwithstanding the fact that sums equal to four per cent. of the salaries paid to members of the departments have been contributed to the fund by both the employes and also by the city as provided by statute. *R. S.* 43:16-5. It further appears that each year for several years past an amount has been duly included in the tax levy to meet such deficit for the preceding year. It is the contention of the relator, who is a pensioner of the city, that the contributions to the fund by the said employes of four per cent. of their salaries and a like sum by the city will be insufficient to cover payments due pensioners during the year 1939. He seeks the writ to the end that the anticipated deficit be included in the current tax levy, so that payments may be made to pensioners when due, rather than that some payments be deferred until the end of the year when appropriation may be made, as in the past, to cover the deficit.

This court heard a similar application by an Atlantic City pensioner of this fund on April 6th, 1938 (not reported), and in denying the issuance of the writ said: "We do not think that a pensioner presently has any standing to require a municipality to anticipate a deficit which may occur in its pension fund. When a deficit does occur, the municipality is obliged to include a sum sufficient to meet such deficit in its budget. If it fails so to do, the pension commission would no doubt enforce the provisions of the statute as in such case made and provided."

Perceiving no change in the essential facts over those of a year ago when the above decision was rendered, we conclude that for the reasons then stated the writ should be denied. Moreover, it is to be noted that it is difficult to anticipate that any deficit will occur during the current year, or if so to what extent, in view of the fact that there is now a surplus fund in the hands of the pension commission which might be used to wipe out any deficit presently anticipated. While it appears that the assets making up that fund might not be

readily salable, and further that the value thereof is in dispute, nevertheless the purpose of the fund is to meet the needs of those entitled to pensions, and it does not clearly appear that the same will not be so used. It does not seem to us that the contemplation of the statute was to create this fund and not use it when the need arose.

The rule will be discharged. but without costs.